**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

SONJA SHELTON and JIM SHELTON,            )
                                          )
                    Plaintiffs,           )
                                          )
        v.                                )
                                          )            Civil Action No. 2:24-195
TAMIKO HERRMANN,                          )            Magistrate Judge Patricia L. Dodge
                                          )
                    Defendant.            )

## MEMORANDUM ORDER[1]

Plaintiffs Sonja Shelton and Jim Shelton (collectively "Plaintiffs") originally commenced this negligence action against Defendant Tamiko Herrmann ("Defendant") in state court, and Defendant removed to federal court pursuant to 28 U.S.C. § 1441. (ECF No. 1.) Presently pending before the Court is Plaintiffs' Motion to Remand. (ECF No. 5.) Because the Court has original jurisdiction over this matter pursuant to 28 U.S.C. 1332, Plaintiffs' motion will be denied.

### I.   **Background**

Plaintiffs initiated this action via writ in the Court of Common Pleas of Allegheny County, Pennsylvania. The subsequently filed Complaint asserts one cause of action for negligence arising from a trip and fall incident that occurred while Ms. Shelton was touring Defendant's home as a prospective buyer. Plaintiffs allege that Ms. Shelton "tripped on an awkwardly angled step" causing her to fall "all the way down the set of concrete stairs to the concrete floor in the basement." (ECF No. 2-3 ¶¶ 5-6.) As a result, Ms. Shelton allegedly incurred severe and potentially permanent injuries. (*Id.* ¶ 12.) In addition to judgment in their favor, Plaintiffs' prayer

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case. Therefore, the undersigned has the authority to decide dispositive motions and enter final judgment.

for relief seeks the maximum amount of compensatory and punitive damages allowed under Pennsylvania law; past, present, and future medical expenses; and reasonable attorney's fees. The Complaint does not set forth a sum certain for the damages claimed.

## II.    Standard of Review

Federal courts have original jurisdiction over cases in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and there is complete diversity of citizenship between parties. 28 U.S.C. § 1332(a)(1). Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

The burden of establishing jurisdiction in a removal case falls to the defendant. *Dukes v. U.S. Healthcare*, 57 F.3d 350, 359 (3d Cir. 1995). After the action has been removed to federal court, a plaintiff may challenge the removal by moving to remand to state court. *Baldy v. First Niagara Pavilion, C.C.R.L., LLC*, 149 F. Supp. 3d 551, 555 (W.D. Pa. 2015). It is well settled that because federal courts are courts of limited jurisdiction, removal statutes are to be strictly construed against removal and any doubts should be resolved in favor of remand. *La Chemise Lactose v. Alligator Co., Inc.*, 506 F.2d 339, 344 (3d Cir. 1974).

## III.    Discussion

The only disputed issue for purposes of deciding Plaintiffs' motion to remand is the amount in controversy.[2] Plaintiffs argue that Defendant, as the removing party, failed to carry the burden of proving that the amount in controversy exceeds the jurisdictional threshold. Defendant contends

---

[2]  Neither party disputes that 28 U.S.C. § 1332's diversity requirement is satisfied.

that removal is proper because Plaintiffs' claims, if proven, would entitle Plaintiffs to recover in excess of $75,000, as required under 28 U.S.C. § 1332.

According to the United States Supreme Court, "[w]hen the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89 (citing 28 U.S.C. § 1446(a)). Where a plaintiff contests the defendant's allegation, "'[r]emoval . . . is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Id.* at 87 (quoting 28 U.S.C. § 1446(c)(2)(B)).

The Third Circuit interprets "preponderance of the evidence" in this context as "proof to a reasonable probability that jurisdiction exists." *Frederico v. Home Depot*, 507 F.3d 188, 195 n.6 (3d Cir. 2007). "The court must measure the amount not by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Wernwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002). The court retains jurisdiction "unless a plaintiff's claims are facially 'insubstantial' to satisfy the amount in controversy." *Bond v. State Farm Ins. Co.*, Case No. 1:18-cv-00176, 2019 U.S. Dist. LEXIS 58110, at *15 (W.D. Pa. Apr. 4, 2019).

Plaintiffs argue that Defendant improperly relies on mere speculation "instead of providing concrete evidence supporting their assertion" that the amount in controversy exceeds $75,000. (ECF No. 6 at 6.) Plaintiffs misunderstand the burden of proof standard.

> It is not the removing defendant's burden to prove to a legal certainty that the plaintiff is entitled to recover more than $75,000 when the plaintiff has not specifically averred in the [c]omplaint that he or she is entitled to an amount below the jurisdictional threshold. In seeking remand, "the *challenger* to subject matter jurisdiction" must prove to a legal certainty that the "amount in controversy *could not exceed* the statutory threshold." In the

3

final analysis, the rule "does not require the removing defendant to prove to
a legal certainty the plaintiff can recover [the amount in controversy] – a
substantially different standard."

*Wilson v. Hartford Cas. Co.*, 492 F. Supp. 3d 417, 423 (E.D. Pa. 2020) (quoting *Frederico*, 507

F.3d at 195 n.6; *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 501 (3d Cir. 2014)).

Thus, for this case to be remanded, Plaintiffs must prove to a legal certainty that, even if they

ultimately succeed in proving Defendant's negligence, they will not be entitled to recover more

than $75,000.

Here, Defendant's Notice of Removal expressly alleges that the amount in controversy

exceeds $75,000.  (ECF No. 2 ¶ 3.)  Defendant's decision to remove was based in substantial part

on the severity of Plaintiffs' alleged injuries.  Ms. Shelton's fall allegedly resulted in her suffering

a broken scapula; broken shoulder; fractured vertebrae; broken ribs; brain hemorrhage; head

injuries; loss of the ordinary pleasures of life; inconvenience; and contusions and bruising

associated with the fall.  (ECF No. 2-3 ¶ 12.)  Along with compensatory damages, Plaintiffs are

also seeking punitive damages, past, present, and future medical expenses, and reasonable

attorney's fees.

Based on the catastrophic nature of these particular injuries, the Court cannot conclude to

a legal certainty that the amount in controversy falls short of the jurisdictional threshold.  Plaintiffs

cite *Fosbenner v. Wal-Mart Stores, Inc.*, 2001 WL 1231761 (E.D. Pa. 2001), to support their

position that an allegation of severe or permanent injury alone does not automatically equate to

more than $75,000 in damages.  (ECF No. 6 at 5-6.)  In *Fosbenner*, the court determined that the

plaintiff's alleged "soft tissue injury" could not satisfy the amount in controversy.  *Fosbenner*,

2001 WL 1231761, at *3.  However, Ms. Shelton's alleged injuries consisting of numerous broken

bones, a spinal injury, and multiple head injuries are far more extensive.  The inclusion of a demand

for punitive damages further suggests that if Plaintiffs were ultimately successful in proving the merits of their claim, they would be entitled to recover in excess of $75,000. *See Vinski v. State Farm Mut. Ins. Co.*, Civil Action No. 11-1326, 2012 U.S. Dist. LEXIS 2567, at *3 (W.D. Pa. Jan. 10, 2012) ("Punitive damages are considered when calculating the amount in controversy").

Finally, Plaintiffs argue that the amount in controversy has not been met because Defendant made a settlement offer that was lower than $75,000. However, other courts in this Circuit have recognized that settlement offers are not dispositive when it comes to the amount in controversy requirement. *See, e.g.*, *Klaphake v. Columbia Gas Transmission, LLC*, Civil Action No. 17-1359, 2018 U.S. Dist. LEXIS 61019, at *6 (W.D. Pa. Apr. 11, 2018) ("[T]he Court is mindful that the numbers in settlement demands often reveal little more than strategic bluster"); [3] *Dugan v. Acme Markets, Inc.*, 2016 U.S. Dist. LEXIS 6838, at *2 (D.N.J. Jan. 21, 2016) ("[A] settlement offer cannot be used exclusively as grounds for establishing the jurisdictional minimum.").

## IV.    Conclusion

Because there is a reasonable probability that, if proven, the injuries alleged in the Complaint would entitle Plaintiffs to recovery in excess of the jurisdictional threshold, the Court concludes that Plaintiffs, as the challenger of subject matter jurisdiction, have failed to meet their burden. The Court therefore has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

Therefore, this 5th day of April 2024, Plaintiffs' Motion to Remand (ECF No. 5) is DENIED.

---

[3] In support of their position, Plaintiffs revealed the amount of a settlement offer made by Defendant. In response, Defendant advised that Plaintiffs' current settlement demand is far in excess of the jurisdictional requirement of this Court. While neither settlement demands nor offers are dispositive on this issue, Defendant also indicates that Plaintiffs have not withdrawn or reduced their demand since filing their motion to remand.

BY THE COURT:


/s/ Patricia L. Dodge
PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE